UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOVAN DAMAR LAROCK,   Civil Action No. 11-CV-10548

    Petitioner,   HON. BERNARD A. FRIEDMAN

v.

CARMEN D. PALMER,

    Respondent.
                               /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

        This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Jovan Damar Larock, currently incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a petition for a writ of habeas corpus on February 10, 2011. As part of his petition, petitioner filed a "Motion to Hold Habeas in Abeyance" [docket entry 1, pp. 39-47]. In this motion, he is requesting that the court hold his habeas petition in abeyance until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner claims in this motion that he has new evidence regarding the following issues: (1) that he is actually innocent of the crimes of which he was convicted, and (2) that his counsel was ineffective for failing to investigate an alibi witness, for failing to interview an eyewitness to the robbery, and for failing to interview petitioenr's co-defendant. Petitioner has submitted an affidavit in support of his position. He would like to return to state court to exhaust those issues with the new evidence obtained.

        Following a jury trial in Wayne County Circuit Court, petitioner was convicted of (1) felony murder, MICH. COMP. LAWS § 750.316b; (2) armed robbery, MICH. COMP. LAWS §

750.529; and (3) two counts of assault with intent to murder, MICH. COMP. LAWS § 750.83.  The trial court vacated the conviction for armed robbery and sentenced petitioner to life in prison for the felony-murder conviction and concurrent prison terms of 30 to 50 years each for the assault convictions.

Petitioner filed a direct appeal with the Michigan Court of Appeals, presenting the following claims: (1) trial counsel was ineffective because he was appointed only six weeks before trial and was unprepared, and (2) improper admission of evidence regarding cell phone records.  On March 5, 2009, the court of appeals affirmed petitioner's convictions and sentences.  *See People v. Larock*, No. 281381, 2009 WL 564203 (Mich.Ct.App. Mar. 5, 2009).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which denied the application on August 6, 2009.  *See People v. Larock*, 484 Mich. 872, 769 N.W.2d 692 (2007).  Petitioner has not filed any state court motions.  Rather, he filed the pending habeas petition, raising the following claims: (1) his was denied his right to the effective assistance of trial counsel because of the late appointment, and (2) he did not receive complete discovery prior to trial.

A habeas petitioner must exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A habeas petitioner is entitled to relief only if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d).  The state courts must first be given a fair opportunity to rule upon all of petitioner's habeas claims before he may present those claims in a federal habeas petition.

A prisoner who has not yet exhausted his or her state court remedies may file a

2

"'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 409, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is "good cause" for the failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

The Michigan Court Rules provide a process by which petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 et seq., which allows the trial court to appoint counsel, solicit a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The court finds that petitioner has sufficiently demonstrated the need for a stay. It appears that his claims are not exhausted, and the one-year limitations period applicable to habeas actions would pose a problem if this court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Further, petitioner's claims do not appear to be "plainly meritless." *Rhines*, at 277. Petitioner states that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel, and there is no indication of intentional delay. The court shall therefore stay this case pending petitioner's return to the state courts to exhaust his unexhausted claims. Accordingly,

IT IS ORDERED that petitioner's "motion to hold habeas in abeyance" is granted.

IT IS FURTHER ORDERED that this action is stayed so that petitioner can exhaust his state court remedies as to his new claims. The stay is conditioned upon petitioner presenting his unexhausted claims to the state courts within sixty (60) days of the date of this order, if he has not already done so, and upon petitioner returning to this court with an amended petition, using the same caption and case number, within sixty (60) days of exhausting the state remedies. If petitioner fails to comply with these conditions, his case may be subject to dismissal.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of petitioner's claims.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: February 23, 2011

I hereby certify that a copy of the foregoing document was served upon Jovan Larock and counsel of record on February 23, 2011, by electronic and/or ordinary mail.

s/DCO for Carol Mullins
Case Manager

4